**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

| | | |
|---|---|---|
| RAYMOND WEAVER | : | |
| Plaintiff, | : | Case No. 3:07CV079 |
| vs. | : | District Judge Thomas M. Rose |
| | | Magistrate Judge Sharon L. Ovington |
| CITY OF KETTERING, et al., | : | |
| Defendants. | : | |
| | : | |

**REPORT AND RECOMMENDATIONS[1]**

**I.  INTRODUCTION**

Plaintiff Raymond Weaver brings this case *pro se* claiming that his civil rights have been violated by Defendants in contravention of 42 U.S.C. §1983. The Defendants are the City of Kettering and Andrea J. White.  Ms. White is the elected Clerk of Court for Kettering Municipal Court.

This case is before the Court upon Defendant Andrea White's Motion to Dismiss (Doc. #7) and Defendant City of Kettering's Motion for Judgment on the Pleadings (Doc. #13).  These documents led to the filing of the Plaintiff's Memorandum in Opposition (Doc. #16), Defendant Andrea White's Reply Memorandum in Support of Motion to Dismiss (Doc. #20), Plaintiff's Reply to Motion for Judgment (Doc. #21), and Defendant City of Kettering's Response to Plaintiff's Reply to Defendant's Motion for Judgment on the Pleadings (Doc. #23).

---

[1]  Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

## II.     BACKGROUND

Plaintiff Raymond Weaver, a resident of Huber Heights, Ohio, brought this case *pro se*, claiming that the Kettering Municipal Court filed an illegal warrant for his arrest for failure to pay court costs from a previous incident.  He also alleges that he was falsely arrested and incarcerated and his van was improperly impounded.  Mr. Weaver claims that these acts deprived him of his liberty and property without due process of law in violation of his constitutional rights.

## III.    DEFENDANT ANDREA WHITE'S MOTION TO DISMISS

### A. Overview

In her Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6), Ms. White claims that there are three reasons why Plaintiff's Complaint should be dismissed.  First, is that Plaintiff's Complaint fails to state any actionable claim against her upon which relief may be granted.  Second, Plaintiff's Complaint fails to set forth a short and plain statement regarding any potential claim against her, contrary to the requirements of Fed. R. Civ. P. 8(a).  Third, Ms. White claims that the Plaintiff's Complaint fails on its face to plead any possible theory of recovery against her because she possesses common law and statutory immunity for governmental functions under Ohio Rev. Code Chapter 2744.  Ms. White also contends that if Plaintiff brings claims against her solely in her capacity as an employee of the City of Kettering, his claims against her are duplicative and unnecessary.

### B. Standard of Review

Fed. R. Civ. P. 12(b)(6) allows a defendant to test, whether, as a matter of law, the plaintiff is entitled to legal relief even if everything in the complaint is true.  *Mayer v. Mylod,* 988 F.2d 635, 638 (6th Cir. 1993).  "Claims under 42 U.S.C. §1983 are not subject to heightened

pleading standards. Therefore, a court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. *Evans-Marshall v. Bd. of Educ.*, 428 F.3d 223 (6th Cir. 2005).

### C. Judicial Immunity

Judicial officers are absolutely immune from civil suits for money damages. *Mireles v. Waco,* 502 U.S. 9, 9 (1991); *Barnes v. Winchell*, 105 F,3d 1111, 1115 (6th Cir. 1997). They are accorded this broad protection to ensure that the independent and impartial exercise of their judgment in a case is not impaired by the exposure to damages by dissatisfied litigants. *Barnes*, 105 F.3d at 1115.

Court clerks have absolute quasi-judicial immunity from damages for civil rights violations when they perform tasks that are an integral part of the judicial process. *Foster v. Walsh,* 864 F.2d 416, 417 (6th Cir. 1988). Whether an act is judicial in nature does not depend on whether it is discretionary. *Id*. Immunity applies to all acts of auxiliary court personnel that are "basic and integral parts of the judicial function," unless those acts are done in the clear absence of all subject matter jurisdiction of the court. *Hanna v. N. Cent. Corr. Inst.,* 2007 U.S. Dist. LEXIS 76306 (D. Ohio 2007), quoting *Mullis v. U.S. Bankruptcy Court, Dist of Nevada,* 828 F.2d 1385, 1390 (9th Cir. 1987). The availability of absolute judicial immunity in the context of a Fed. R. Civ. P. 12(b)(6) motion to dismiss presents a question of law. *Brookings v. Clunk,* 389 F.3d 614 (6th Cir. 2004).

### D. Discussion

White's status as the Clerk of Court for Kettering Municipal Court entitles her to judicial immunity for any acts which are "basic and integral parts of the judicial function," unless those acts are done in the clear absence of subject matter jurisdiction of the court. *Mullis,* 389 F.3d at

1390.  It is well-established that court clerks and other court employees have absolute immunity against liability for actions arising out of the performance of judicial or quasi-judicial functions. *Foster v. Walsh*, 864 F.2d 416, 418 (6th Cir. 1988). "Quasi-judicial immunity extends to those persons performing tasks so integral or intertwined with the judicial process that these persons are considered an arm of the judicial officer who is immune." *Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir. 1994).

In *Foster,* the Sixth Circuit held that a municipal court clerk who issued an erroneous bench warrant was absolutely immune from liability because the issuance of the warrant was "truly a judicial act." 864 F. 2d at 418. The act of signing a warrant by the Clerk of Court is an integral part of the judicial function.  In his Memorandum in Opposition to this motion, Plaintiff claims that "Clerk Andrea White negligently signed a defective warrant for my arrest with purpose to deprive me of liberty." (Doc. #16).  Accepting these facts as true and interpreted in the light most favorable to the Plaintiff, they still do not overcome Ms. White's judicial immunity.  It is therefore recommended that the Motion to Dismiss Defendant Andrea White be granted.

## IV. CITY OF KETTERING'S MOTION FOR JUDGMENT ON THE PLEADINGS

### A. Overview

In its Motion for Judgment on the Pleadings, the City of Kettering asserts that they are entitled to judgment as a matter of law on the Plaintiff's claims because the City is not liable for the actions of the Kettering Municipal Court.

### B. Standard of Review

A motion for judgment on the pleadings under Fed. R. Civ. P. 12(c) is decided in the same manner as a motion to dismiss under Rule 12(b)(6). *See Grindstaff v. Green,* 133 F.3d 416,

421 (6th Cir. 1998). "Claims under 42 U.S.C. §1983 are not subject to heightened pleading standards. Therefore, a court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. *Evans-Marshall v. Bd. of Educ.*, 428 F.3d 223 (6th Cir. 2005). The Court's task is limited: "the issue is not whether a [party] will ultimately prevail, but whether the [party] is entitled to offer evidence to support the claims." *Miller v. Currie,* 50 F.3d 373, 377 (6th Cir. 1995).

### C. Another Application of Judicial Immunity

All of Mr. Weaver's allegations contained in his Complaint are based solely on the actions of the Kettering Municipal Court and its personnel. There is nothing in the Complaint which alleges any violation by the City of Kettering, other than the statement that Mr. Weaver "hold(s) the government of the City of Kettering responsible for its employees." (Doc. #4). Nowhere in the Complaint does the Plaintiff state any facts which would overcome the judicial immunity granted on the Court and its personnel. It is therefore recommended that the City of Kettering's Motion for Judgment on the Pleadings be granted.

**IT IS THEREFORE RECOMMENDED THAT:**

1. Defendant Andrea White's Motion to Dismiss (Doc. #7) be GRANTED; and

2. Defendant City of Kettering's Motion for Judgment on the Pleadings (Doc. #13) be GRANTED; and,

3. This case be terminated on the docket of this Court.

October 30, 2007

                                             s/ Sharon L. Ovington
                                              Sharon L. Ovington
                                     United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations.  Pursuant to Fed. R. Civ. P. 6(e), this period is extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by mail.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within ten days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See United States v. Walters*, 638 F. 2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).